James A. Fletcher, 835013
Elizabeth O. Bryant, 6298262
**FLETCHER & SIPPEL LLC**
29 North Wacker Drive, Suite 920
Chicago, Illinois 60606-2832
Telephone:   (312) 252-1500
Facsimile:   (312) 252-2400

Samuel R. Hellfeld, Esq. (*Pro Hac Vice* application to be filed forthwith)
Andrew P. Holm, Esq. (*Pro Hac Vice* application to be filed forthwith)
**OPPENHEIMER WOLFF & DONNELLY LLP**
45 South Seventh Street, Suite 3300
Minneapolis, Minnesota 55402
Telephone:   (612) 607-7000
Facsimile:   (612) 607-7100

Attorneys for Defendants
Myriad France SAS and
Myriad Group AG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MYRIAD FRANCE SAS and MYRIAD GROUP AG, <br><br> Defendants. | Case No. 11-cv-7373 <br><br> **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Myriad France SAS and Myriad Group AG (hereinafter collectively "Defendants") remove to this Court the state court action described in Paragraph 1 below.

**THE REMOVED CASE**

1.    The removed case is a civil action initially filed in state court on December 21, 2010, styled *Motorola Mobility, Inc. v. Openwave Systems, Inc., Myriad France SAS and Myriad*

*Group AG*, and venued in Cook County Circuit Court, County of Cook, State of Illinois. On August 29, 2011, Myriad France was served with the First Amended Complaint in France pursuant to the Hague Convention. On September 13, 2011, Myriad France moved to dismiss the First Amended Complaint and Myriad Group AG separately moved to quash service of process purportedly effected in the United States and move to dismiss for lack of personal jurisdiction. Openwave Systems, Inc. also moved to dismiss the First Amended Complaint on September 13, 2011. On October 6, 2011, the Cook County Circuit Court entered an order voluntarily dismissing Openwave Systems, Inc. from the case. On October 17, 2011, Myriad Group AG was served with the First Amended Complaint in Switzerland pursuant to the Hague Convention.

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached as Exhibits to the Affidavit of Andrew Holm in Support of Notice of Removal to United States District Court are copies of process, pleadings, and orders that have been served upon the Defendants, as well as other documents that are part of the record in the removed case.

## THE REMOVAL IS TIMELY

3. This case, as initially filed by Plaintiff, was not removable because diversity jurisdiction did not exist between Plaintiff Motorola Mobility, Inc., a corporation organized under the laws of the State of Delaware, and Defendant Openwave Systems, Inc., also a corporation organized under the laws of the State of Delaware. (Second Am. Compl. ¶¶ 1-2).

4. This case first became removable on October 6, 2011, when the Honorable Daniel Pierce, Cook County Circuit Court, entered an order voluntarily dismissing Openwave Systems, Inc. as a Defendant in this case. *First Nat'l Bank of La Grange, Ill. v. Sherwin Williams Co.*, No. 09-C-6821, 2009 WL 5166203, at *2 (N.D. Ill. Dec. 21, 2009) ("At the risk of belaboring the obvious, a case is not removable based on diversity jurisdiction before the voluntary dismissal of all nondiverse parties has been effected – with certainty and finality – by an order of the state court."); *May v. Dover Elevator Co.*, 40 F.3d 1244 (4th Cir. 1994) (time for removal begins after

dismissal of non-diverse defendant is filed) (citing *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)).

5. This notice of removal is filed within thirty days of the Order dismissing Openwave and, therefore, is timely under 28 U.S.C. § 1446(b). Additionally, this Notice of Removal is timely since it was filed within thirty days of Myriad Group AG being served for the first time with the Summons and Complaint. 28 U.S.C. § 1446(b). Removal is also is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within one year after commencement of this action in state court.

## CONSENT TO REMOVAL

6. Defendants consent to this removal. By so consenting, Myriad Group AG, however, does not waive its right to object to this Court's personal jurisdiction over it or to raise any other available defenses, including without limitation, those set forth in Rule 12 of the Federal Rules of Civil Procedure. Rather, Myriad Group AG expressly reserves its right to raise all available objections or defenses, including those raised in motion to dismiss filed in state court. Myriad France SAS, although it does not contest this Court's personal jurisdiction, expressly reserves its right to raise all other objections and defenses, including, without limitation, those set forth in Rule 12 of the Federal Rules of Civil Procedure and those asserted in its motion to dismiss filed in state court.

## THE VENUE REQUIREMENT IS MET

7. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Division of this Court is the United States District Court for the district and division embracing the place where the state court action was pending.

## DIVERSITY OF CITIZENSHIP EXISTS

8. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. As set forth in Paragraph 1 of the Second Amended Complaint, Plaintiff Motorola Mobility, Inc. ("Motorola") is a corporation organized under the laws of the State of Delaware with its principal place of business in Cook County, Illinois.

10. Defendant Myriad France SAS ("Myriad France") is a company organized under the laws of France with its principal place of business in France. (Second Am. Compl. ¶ 3).

11. Defendant Myriad Group AG ("Myriad Group") is a company organized under the laws of Switzerland with its principal place of business in Switzerland.

12. Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332 since each remaining Defendant is diverse from the Plaintiff.

13. Notably, Motorola's Second Amended Complaint incorrectly alleges that Myriad Group is a French corporation with its principal place of business in France. (Second Am. Compl. ¶ 4). Where the Complaint incorrectly alleges the citizenship of a party, the Court may rely on matters outside the Complaint to determine whether diversity jurisdiction exists on a Notice of Removal. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) (relying on declaration submitted by Defendant Hertz to demonstrate its principal place of business was in New Jersey, not in California); *see also Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F. Supp. 2d 571, 573 (W.D.Pa. 2006) ("When a defendant removes a case based on diversity of citizenship jurisdiction . . . defendant may submit affidavits . . . in support of a removal petition . . . .").

14. As an initial matter, even if this allegation regarding Myriad Group were accurate, which it is not, diversity jurisdiction still exists under 28 U.S.C. § 1332. Motorola relies on Myriad Group's 2009 Annual Report in making the allegations contained in its Second Amended Complaint. The 2009 Annual Report, however, clearly states that Myriad Group is a Swiss company that is domiciled in Switzerland. (Holm Aff. Ex. 18, at 14, 45 of Myriad Group AG's 2009 Annual Report). The Annual Report also states that Myriad Group's headquarters is located in Switzerland and that Myriad Group's stock is traded on the Swiss exchange. (*Id.* at 46). Additionally, Motorola served Myriad Group with the Summons and Complaint in Switzerland pursuant the Hague Convention.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

15. For the three claims alleged against Defendants, Plaintiff claims damages in excess of $500,000, $5 million, and $1.7 million, respectively. (Second Am. Compl. ¶¶ 27, 35, 43). Thus, Plaintiff has clearly alleged an amount in controversy exceeding $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## REMOVAL IS ALLOWED BY 28 U.S.C. § 1441(a)

16. The state court action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 because (1) this action is a civil action pending in a state court within the jurisdiction of the United States District Court for the Northern District of Illinois; (2) this action is between citizens of different States; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. If any question arises as to the propriety of the removal of this action for any reason, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

## FILING OF REMOVAL PAPERS

18. Pursuant to 28 U.S.C. § 1446(d), Defendants shall promptly serve written notice of the removal of this action on Plaintiff's counsel, and a Notice of Filing Notice of Removal to Cook County Circuit, County of Cook, State of Illinois.

WHEREFORE, Defendants hereby remove the above-captioned action from the Cook County Circuit Court, County of Cook, State of Illinois, and request that further proceedings be conducted in this Court as provided by law.

Dated: October 18, 2011

                                                FLETCHER & SIPPEL LLC

                                        s/           Elizabeth O. Bryant
                                                James A. Fletcher, 835013
                                                Elizabeth O. Bryant, 6298262
                                                Fletcher & Sippel LLC
                                                29 North Wacker Drive, Suite 920
                                                Chicago, Illinois  60606-2832
                                                Telephone:    312-252-1500
                                                Facsimile:     312-252-2400
                                                Email: ebryant@fletcher-sippel.com
                                                        jfletcher@fletcher-sippel.com