IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11 C 7373 |
| ) | |
| MYRIAD FRANCE SAS and ) | |
| MYRIAD GROUP AG, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON MOTION TO COMPEL ARBITRATION

Motorola Mobility, Inc.'s fifth amended complaint, filed in December 2012, includes three claims against Myriad France SAS and Myriad Group AG (collectively Myriad). Count 1 is a claim that Myriad breached the Master License and Services Agreement (MLSA) between Motorola and Myriad. Count 3 is a claim that Myriad breached an implied-in-fact contract between Motorola and Myriad. Count 2 is a claim in which Motorola alleges that it is a third party beneficiary of a contract between Myriad and Compal and that Myriad breached the contract, causing damage to Motorola. All of Motorola's claims of breach are based on allegations that Myriad developed defective Internet browser software for two cellular phones that Compal was manufacturing for Motorola. The only contract between Myriad and Compal that appears to exist is a contract called the Master Browser License Agreement (MBLA)

Myriad has moved to compel arbitration of all of Motorola's claims based on an arbitration provision contained in the MBLA. The MLSA, by contrast, does not contain an arbitration provision. Myriad contends, however, that the only obligations that it has

arise under the MBLA and that each of Motorola's claims in fact arises under the MBLA. As a result, Myriad argues, all three claims must be submitted to arbitration.

**1.      Count 2 (third party beneficiary claim)**

Count 2, Motorola's third party beneficiary claim, is in fact subject to the arbitration requirement found in the MBLA. As indicated earlier, Count 2 is a third party beneficiary claim under Myriad's agreement with Compal. The only agreement between Myriad and Compal that concerns the phones at issue is the MBLA. Motorola contended at oral argument that as far as anyone knows, there might be some other agreement, lacking an arbitration requirement, that governed Myriad's work with Compal concerning the phones. But despite extensive discovery, no evidence of any other agreement has surfaced. Myriad has sufficiently shown that the MBLA is its only agreement with Compal concerning the phones. Thus Count 2 is a third party beneficiary claim under the MBLA.

Section 12.2 of the MBLA states that "[a]ll claims, disputes, or controversies arising under this Agreement not resolved between the parties shall be submitted to binding arbitration . . . ." Holm Affid. (dkt. no. 106), Ex. 4 ¶ 12.2. Motorola is not a party to the MBLA, but because it is knowingly seeking the benefits of that contract via Count 2, it is subject to that contract's requirement to arbitrate claims. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 688 (7th Cir. 2005).

**2.      Counts 1 and 3 (claims for breach of express contract and breach of implied contract)**

Myriad has not shown, however, that Motorola must arbitrate the claims it asserts in count 1 for breach of the MLSA and count 3 for breach of an implied Motorola-Myriad contract. "[B]ecause arbitration is a matter of contract, 'a party cannot be required to

submit to arbitration any dispute which he has not agreed so to submit.'" *Gore v. Alltel Commc'ns, Inc.*, 666 F.3d 1027, 1032 (7th Cir. 2012) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). The MLSA does not contain an arbitration provision, nor is the implied contract claim one that Motorola has agreed to submit to arbitration. Even if these claims may be logically related to the third party beneficiary claim – in that all three claims concern Myriad's development of the browser for the two phones – that is insufficient. Before a reluctant non-party to a contract may be forced into arbitration, the law "consistently requires a *direct* benefit under *the contract containing an arbitration clause*." *Id.* (emphasis in original). Motorola does not seek to claim any benefit under the MBLA in connection with the claims it asserts in Counts 1 and 3, nor does it otherwise appear that Count 3 is, or amounts to, a claim for breach of Myriad's obligations under the MBLA.

Myriad argues that "[a]ll of Myriad's work on [the two phones at issue] was provided to Compal pursuant to the MBLA, so all claims related to that work arise under the MBLA and must be arbitrated." Myriad Opening Mem. at 5. This argument amounts to a contention that Motorola has no viable claim under the MLSA or under an implied contract theory, because the only obligations that Myriad had relating to the browser software for the two phones are those that it had under the MBLA. The Court rejects this argument. It amounts to a request for entry of summary judgment on Counts 1 and 3. This request is inappropriate, first, because it is premature, having been filed even before the close of fact discovery, and, second, because Myriad made no effort to comply with the requirements of Local Rule 56.1 in making the request.

3

### 3. Waiver of right to arbitrate

Even were Myriad correct that Counts 1 and 3 actually arise under the MBLA and thus require arbitration, Myriad waived any right to arbitrate – at least as to Count 1 – by participating extensively in litigation in this court in a manner inconsistent with insistence on arbitration.

"A party may waive a contractual right to arbitrate expressly or implicitly." *Halim v. Great Gatsby's Auction Gallery,* 516 F.3d 557, 562 (7th Cir. 2008) (citation omitted). To determine whether a party has waived arbitration, courts "examine the totality of the circumstances and determine whether . . . the party . . . has acted inconsistently with the right to arbitrate." *Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720, 726 (7th Cir. 2004) (citation omitted). "Although several factors may be considered in determining waiver, diligence or the lack thereof should weigh heavily in the decision—'did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?'" *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.,* 304 F.3d 753, 756 (7th Cir. 2002) (emphasis omitted) (quoting *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 391 (7th Cir. 1995)).

Count 1 is a claim of breach of the MLSA. Motorola's claim against Myriad under the MLSA relating to the two cell phones have been in the case, in one form or another, since shortly after the time the case was filed in late 2011. If, as Myriad contends, this claim "arises under Myriad's performance under the MBLA," *see* Myriad Opening Mem. (dkt. no. 111) at 1, Myriad had known that for well over a year before it  sought to compel arbitration. *See generally* Pl.'s Mem. at 4-6 (listing instances where Myriad

contended that its only obligations were under the MBLA). Yet Myriad did not so much as breathe a hint that the claim should be submitted to arbitration until, at the earliest, December 2012.[1] During the interim, Myriad filed and litigated multiple motions to dismiss, and it conducted extensive discovery, including depositions, to virtually the conclusion of the fact discovery period.

"[L]engthy delay can lead to an implicit waiver of arbitration." *Welborn Clinic v. Medquist, Inc.*, 301 F.3d 634, 637 (7th Cir. 2002) (citation omitted). In *Cabinetree of Wisconsin*, the Seventh Circuit held that a party waived its right to arbitrate when it removed a case to federal court and waited eight months before requesting arbitration. *Cabinetree of Wis., Inc.*, 50 F.3d at 391. The court reasoned:

> There is no plausible interpretation of the reason for the delay except that [defendant] initially decided to litigate its dispute with [plaintiff] in the federal district court, and that later, . . . [defendant] changed its mind and decided it would be better off in arbitration. Neither in its briefs nor at oral argument did [defendant] give any reason for its delay in filing the stay besides needing time "to weigh its options." That is the worst possible reason for delay. It amounts to saying that [defendant] wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration.
>
> Selection of a forum in which to resolve legal disputes should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution. Parties know how important it is to settle on a forum at the earliest possible opportunity, and the failure of either of them to move promptly for arbitration is powerful evidence that they made their election—against arbitration. Except in extraordinary circumstances not here presented, they should be bound by their election.

*Id.*

In this case, Myriad did not simply delay; it actively litigated the case in court, via

---

[1] Even then, Myriad made only a conclusory and inadequately developed reference to a requirement to arbitrate, as the Court noted in its order of December 28, 2012 giving Motorola leave to amend. *See* Order of Dec. 28, 2012 (dkt. no. 91) (noting that the argument "is too cursory to pass muster").

5

dispositive motions and extensive discovery. "[S]imply moving to dismiss a case does not waive one's right to arbitrate." *Halim*, 516 F.3d at 562. Courts nonetheless "do not want parties to forum shop, taking a case to the courts and then, if things go poorly there, abandoning the suit in favor of arbitration." *Welborn Clinic*, 301 F.3d at 637. Accordingly, the filing of a dispositive motion may support a finding of waiver. *See, e.g., St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 589–91 (7th Cir. 1992) (defendant waived arbitration by waiting ten months to request arbitration and filing a motion to dismiss the case on the merits because "[a] party may not normally submit a claim for resolution on one forum and then, when it is disappointed with the result in that forum, seek another forum"); *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 747 (7th Cir. 2007) (defendant's "motion for summary judgment, which said nothing about venue or arbitration, was an implicit waiver of any argument for dismissing on either of those grounds"). That is exactly what has occurred in this case. The Court concludes that Motorola has waived any right to arbitrate that it might have regarding Count 1.

Counts 2 and 3 are more recent additions to the case, having been asserted by Motorola, for the first time, in the fifth amended complaint that the Court gave Motorola leave to file in December 2012. The only proceedings since that time, other than litigation on the motion for leave to file that complaint, consist of discovery that would have been required even if Counts 2 and 3 had not been added and an attempt to mediate the case with a private mediator.

Were that the only basis for a waiver finding regarding arbitration of Counts 2 and 3, the Court likely would conclude that there is no waiver. Motorola's argument,

6

however, is a bit more subtle. It contends that because Myriad did not promptly seek to compel arbitration on Count 1 based on its argument that this claim actually "arises under" the MBLA, and because the argument for arbitrating Counts 2 and 3 is also based on the MBLA, the waiver encompasses the whole case.

The law is relatively sparse and less than clear on this point. In. *Dickinson v. Heinhold Secs., Inc.*, 661 F.2d 638, 641-42 (7th Cir. 1981), the court concluded that the defendant did not waive arbitration by waiting until an amended complaint was filed that included an arbitrable claim, because it was reasonable to believe that the claims in the original complaint were not subject to arbitration. The present case is different, given Myriad's contention that even Motorola's claims regarding the two phones under the MLSA – which have been in the case since near its inception – arise under the MBLA and thus are subject to arbitration. Given the relative thinness of the parties' briefing of this point, and because the Court would, in any event, defer sending Count 2 to arbitration for the reasons discussed in the next section of this decision, the Court defers ruling on the issue of waiver as to Counts 2 and 3.

**4.      Issue of stay pending arbitration of Count 2**

The Court has concluded that Motorola is obligated to arbitrate Count 2, its third party beneficiary claim under the MBLA between Myriad and Compal, subject to the possibility of a later determination that Myriad waived its right to insist on arbitration. The Court has also concluded that Motorola is not obligated to arbitrate Counts 1 or 3, contractually or otherwise. As an alternative to its argument that all three claims must be arbitrated, Myriad asks the Court to stay further litigation proceedings on Counts 1 and 3 until arbitration of Count 2 is concluded.

7

At oral argument on the motion to compel arbitration, Myriad expressly conceded that the Court has the authority and discretion to defer arbitration of Count 2 pending resolution of Counts 1 and 3 even if it concludes that Count 2 must be arbitrated. The Court has concluded that this is the appropriate course. Count 2 is quite plainly an alternative claim. Motorola makes it clear in its fifth amended complaint that it is asserting the claim as a reactive measure due to Myriad's contention that it has no obligations to Motorola other than via the MBLA. *See* 5th Am. Compl. ¶¶ 96-97. Because discovery is virtually complete, and because Myriad advised at oral argument that it is prepared to file and will promptly file a motion for summary judgment, the Court concludes that the more efficient course is to address that motion (and perhaps further proceedings beyond that) before making a final determination regarding whether to compel arbitration of Count 2.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to compel arbitration in part and denies it in part. Count 2 of the fifth amended complaint is subject to arbitration, subject to the possibility of a finding of waiver; Counts 1 and 3 are not subject to arbitration. The Court defers final determination regarding whether to compel arbitration of Count 2 pending ruling on defendants' anticipated motion for summary judgment (and perhaps further). The case is set for a status hearing on August 6, 2013 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 4, 2013